CRAIG CARPENITO
United States Attorney
KRISTIN L. VASSALLO
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 645-2835
Fax (973) 297-2010
Email kristin.vassallo@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY PAUL VIOLETTE, <br><br> *Plaintiff,* <br><br> v. <br><br> WARDEN DAVID ORTIZ, *et al.,* <br><br> *Defendants.* | HON. JEROME B. SIMANDLE <br><br> *Civil Action No.* 18-3401 (JBS)(AMD) |

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

---

CRAIG CARPENITO
UNITED STATES ATTORNEY
*Attorney for Defendants*

KRISTIN L. VASSALLO
Assistant United States Attorney

## TABLE OF CONTENTS

Preliminary Statement ................................................................................. 1

Background ................................................................................................... 3

    I. Allegations in the Complaint ................................................................ 3

    II. Procedural History ............................................................................. 3

Argument ..................................................................................................... 4

    I. Violette's Tort Claims Should Be Dismissed Pursuant to
    Fed. R. Civ. P. 12(b)(1) ........................................................................ 4

        A. The Court Lacks Jurisdiction Over All Tort Claims Asserted Against
        Warden Ortiz, DOJ, and the BOP ........................................................ 4

        B. Violette Failed to Exhaust His Tort Claim Under the FTCA ........................ 6

        C. Violette's Tort Claim Is Also Barred by the Discretionary
        Function Exception ........................................................................... 8

    II. Violette Cannot Assert Any Constitutional Tort Claims Against the
    BOP, DOJ, or Warden Ortiz in His Official Capacity ................................ 12

    III. Violette Has Failed to State a Claim for an Eighth Amendment Violation ...... 13

Conclusion ................................................................................................... 16

<u>TABLE OF AUTHORITIES</u>

<u>*Cases*</u>

*Adegbuji v. United States,*
   223 F. App'x 194 (3d Cir. 2007) ................................................................. 7

*Ali v. Fed. Bureau of Prisons,*
   552 U.S. 214 (2009) ................................................................................... 7

*Baer v. United States,*
   722 F.3d 168 (3d Cir. 2013) ....................................................................... 8

*Beneficial Consumer Discount Co. v. Poltonowicz,*
   47 F.3d 91 (3d Cir. 1995) .......................................................................... 5

*Berkovitz v. United States,*
   486 U.S. 531 (1988) ................................................................................... 8

*Betts v. New Castle Youth Dev. Ctr.,*
   621 F.3d 249 (3d Cir. 2010) ..................................................................... 13

*Bey v. Bruey,*
   No. 09-1092 (JBS), 2009 WL 961411 (D.N.J. Apr. 8, 2009) ...................... 6

*Bivens v. Six Unknown Fed. Narcotics Agents,*
   403 U.S. 388 (1971) ................................................................................. 12

*Burkholder v. Newton,*
   116 F. App'x 358 (3d Cir. 2004) .............................................................. 15

*Calderon v. United States,*
   123 F.3d 947 (7th Cir. 1997) .................................................................... 10

*Carson v. Mulvihill,*
   488 F. App'x 554 (3d Cir. 2012) .............................................................. 15

*Cestonaro v. United States,*
   211 F.3d 749 (3d Cir. 2000) ....................................................................... 9

*CNA v. United States,*
   535 F.3d 132 (3d Cir. 2008) ....................................................................... 6

iii

*Cohen v. United States,*
   151 F.3d 1338 (11th Cir. 1998) ....................................................................... 10, 11

*Donaldson v. United States,*
   281 F. App'x 75 (3d Cir. 2008) ................................................................................ 10

*F.D.I.C. v. Meyer,*
   114 S. Ct. 996 (1994) ............................................................................................. 13

*Farmer v. Brennan,*
   511 U.S. 825 (1991) ............................................................................................... 14

*Gary v. F.T.C.,*
   526 F. App'x 146 (3d Cir. 2013) ............................................................................... 7

*Gorrell v. United States,*
   No. 3:11-CV-8, 2012 WL 1032481 (W.D. Pa. Mar. 8, 2012) ................................... 10

*Grohs v. Santiago,*
   No. 13-3877 (KM), 2014 WL 4657116 (D.N.J. Sept. 17, 2014) ............................... 14

*Hairston v. Miller,*
   646 F. App'x 184 (3d Cir. 2016) .............................................................................. 13

*Helling v. McKinney,*
   509 U.S. 25  (1993) ................................................................................................. 14

*Holmes v. Watts,*
   No. 2:15-CV-155, 2016 WL 205401 (S.D. Ga. Jan. 15, 2016) ........................... 11, 12

*In re Orthopedic Bone Screw Prod. Liab. Litig.,*
   264 F.3d 344 (3d Cir. 2001) ...................................................................................... 5

*Lane v. Pena,*
   518 U.S. 187 (1996) ................................................................................................. 5

*Lindsey v. Shaffer,*
   411 F. App'x 466 (3d Cir. 2011) .............................................................................. 15

*Lineberry v. United States,*
   No. 3:08-CV-0597-G, 2009 WL 763052 (N.D. Tex. Mar. 23, 2009) ........................ 11

*Livera v. First Nat'l State Bank of NJ,*
   879 F.2d 1186 (3d Cir. 1989) .................................................................................... 7

*Mierzwa v. United States,*
    282 F. App'x 973 (3d Cir. 2008) ............................................................................. 13

*Moore v. Cumberland County Bd. of Freeholders,*
    No. 06-4516 (RMB), 2006 WL 3359625 (D.N.J. Nov. 16, 2006)....................... 14, 15

*Murchison v. Warden Lewisburg USP,*
    566 F. App'x 147 (3d Cir. 2014) .............................................................................. 6

*North v. White,*
    152 F. App'x 111 (3d Cir. 2005) ............................................................................ 14

*Priovolos v. FBI,*
    632 F. App'x 58 (3d Cir. 2015) ........................................................................... 5, 6

*Rhodes v. Chapman,*
    452 U.S. 337 (1981) ............................................................................................ 13, 14

*Rodriguez v. United States,*
    695 F. App'x 669 (3d Cir. 2017) ............................................................................ 10

*Roma v. United States,*
    344 F.3d 352 (3d Cir. 2003)..................................................................................... 7

*Ross v. United States,*
    No. 4:13-CV-573, 2013 WL 5290498 (N.D. Tex. Sept. 18, 2013) ........................... 11

*S.R.P. ex rel. Abunabba v. United States,*
    676 F.3d 329 (3d Cir. 2012)................................................................................... 8, 9

*Santos v. United States,*
    559 F.3d 189 (3d Cir. 2009).................................................................................... 5

*Shelton v. Bledsoe,*
    775 F.3d 554 (3d Cir. 2015).................................................................................... 7

*Treasurer of New Jersey v. U.S. Dep't of Treasury,*
    684 F.3d 382 (3d Cir. 2012).................................................................................... 5

*Tucker v. Sec'y of Health & Human Servs.,*
    588 F. App'x 110 (3d Cir. 2014) ............................................................................ 13

*United States v. Gaubert,*
   499 U.S. 315 (1991) ................................................................. 8, 9

*United States v. Mitchell,*
   445 U.S. 535 (1980) ................................................................. 4

*United States v. Mitchell,*
   463 U.S. 206 (1983) ................................................................. 4

*United States v. S.A. Empresa de Viacao Aereo Rio Grandense,*
   467 U.S. 797 (1984) ................................................................. 8

*United States v. Sherwood,*
   312 U.S. 584 (1941) ................................................................. 4

*United States v. Testan,*
   424 U.S. 392 (1976) ................................................................. 13

*Violette v. Ortiz,*
   No. 17-5030 (JBS)(AMD), 2017 WL 4074330 (D.N.J. 2017) ............................. 3, 15

*Visintine v. Zickefoose,*
   No. 11-4678 (RMB), 2014 WL 4388609 (D.N.J. Sept. 5, 2014) ........................... 14

*White-Squire v. U.S. Postal Serv.,*
   592 F.3d 453 (3d Cir. 2010) ......................................................... 7

*Wilson v. City of Cherry Hill,*
   No. 10-3866 (RBK/JS), 2011 WL 3651274 (D.N.J. Aug. 18, 2011) ......................... 6

*Wilson v. Seiter,*
   501 U.S. 294 (1991) ................................................................. 13, 14

*Ziglar v. Abassi,*
   137 S. Ct. 1843 (2017) .............................................................. 2

*Statutes*

18 U.S.C. § 4042.................................................................................................. 10
18 U.S.C. § 4081.................................................................................................. 10
28 U.S.C. § 2675(a) ............................................................................................... 7
28 U.S.C. § 2679(a) ............................................................................................... 5
28 U.S.C. § 2679(b)(1) ........................................................................................... 5
28 U.S.C. § 2679(d) ............................................................................................... 1
28 U.S.C. § 2680(a) ........................................................................................... 2, 8
28 U.S.C. § 1346(b) ............................................................................................... 5
28 U.S.C. §§ 2679-80 ............................................................................................ 7

*Rules*

Fed. R. Civ. P. 12(b)(1) ....................................................................................... 2, 4

## PRELIMINARY STATEMENT

Plaintiff Gregory Paul Violette filed this suit in New Jersey state court, alleging that he experienced "a lot of stress," poor sleep, and increased mental illness as a result of overcrowded living conditions at the Federal Correctional Institution in Fort Dix, New Jersey.  His sparsely-worded, two-page complaint, which seeks an unspecified amount of money damages, names as defendants David Ortiz (the warden of FCI Fort Dix), Christopher Porrino (the former Attorney General of the State of New Jersey), and (apparently) the Federal Bureau of Prisons and the Department of Justice.[1] On March 8, 2018, this Office removed the case to this Court pursuant to 28 U.S.C. § 2679(d).

Violette's complaint should be dismissed. The Federal Tort Claims Act (the "FTCA") provides the exclusive remedy for litigants seeking money damages for common law torts allegedly committed by federal employees during the scope of their employment.  Violette, however, cannot assert FTCA claims against Warden Ortiz, DOJ, or the BOP because the actions at issue in this suit were taken in the course of the warden's federal employment and the United States is the only proper defendant to such a suit.  Violette's claims against these defendants should therefore be dismissed.

---

[1]    Although the caption states "NJ AG Christopher Porrrino for Federal BOP and US DOJ," the cover letter lists DOJ and the BOP as separate defendants. *See* Complaint, dated November 4, 2017 (ECF No. 1-2) ("Compl.") at 1.  (For ease of reference, this brief cites to the page numbers in the header of the ECF-filed version of Violette's complaint.)

Even if the Court were to substitute the United States in place of the current defendants, it should still dismiss the complaint for failure to exhaust.  Before a plaintiff may sue the United States under the FTCA, he must first exhaust administrative remedies by filing an administrative tort claim with the appropriate agency.  Violette, however, has never filed an administrative tort claim with the BOP.  Because Violette failed to exhaust administrative remedies, the Court lacks jurisdiction to consider his claim and should dismiss it under Fed. R. Civ. P. 12(b)(1).

Violette's complaint should also be dismissed for a second reason: it is barred by the discretionary function exception to the FTCA.  Pursuant to 28 U.S.C. § 2680(a), the United States is not liable for negligence "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused."  Here, the conduct Violette challenges – decisions relating to the assignment and housing of BOP prisoners – is exactly the type of discretionary decision that courts find barred by the discretionary function exception.  The Court may therefore dismiss Violette's tort claim on this basis as well.

Finally, to the extent the Court construes Violette as alleging violations of the Eighth Amendment against the BOP, DOJ, or Warden Ortiz in his official capacity,[2]

---

[2]    The Department of Justice does not construe Violette as raising constitutional claim for damages against Warden Ortiz in his individual capacity, and has not obtained authority to represent him personally in this suit.  If the Court construes the complaint as raising such a claim, we respectfully seek an opportunity for Warden Ortiz to seek representation so that he may assert all appropriate defenses, including *Ziglar v. Abassi*, 137 S. Ct. 1843  (2017) (lack of personal involvement, and qualified immunity).

those claims should also be dismissed, because the United States has not waived sovereign immunity for suits seeking damages for constitutional violations, and because he has not stated a claim under the Eighth Amendment.

For all of these reasons, the complaint should be dismissed.

BACKGROUND

I. <u>Allegations in the Complaint</u>

The complaint alleges that from September 2015 to September 2016, Violette was housed in "an over capacity living quarter's [sic]" at FCI Fort Dix.  Compl. at 2. According to the complaint, Violette shared a 525-square-foot room with eleven other inmates, which exceeds the 60-sq.ft/inmate space limit required by BOP policies.  *See id.*  The complaint states that, as a result of this overcrowding, Violette was "put under a lot of stress," "unable to sleep well," and "unable to eat reg[ular]ly," and his "mental illness, bi-polar [disease] and PTSD [became] unbearable[.]"  *Id.* at 3.

II. <u>Procedural History</u>

Violette filed his complaint on or about November 20, 2017, in the Superior Court of New Jersey, Burlington County.[3]  On March 7, 2018, the United States Attorney's Office certified that Warden Ortiz was acting within the scope of his federal employment at the time of the events alleged in the complaint.  *See*

---

[3]     Violette filed a similar complaint in federal court challenging conditions at FCI Fort Dix in July 2017.  *See Violette v. Ortiz*, No. 17-CV-5030 (JBS)(AMD).  On September 13, 2017, the Court dismissed Violette's complaint for failure to state a claim under the Eighth Amendment.  *See Violette v. Ortiz*, No. 17-5030 (JBS)(AMD), 2017 WL 4074330, at *2 (D.N.J. 2017).

3

Certification of Scope of Employment, dated March 7, 2018 (ECF No. 1-3) at 1. On March 8, 2018, defendants removed this case to federal district court.

According to BOP records, Violette has never filed an administrative tort claim with the agency. *See* Declaration of Tara Moran ("Moran Decl.") ¶ 2.

<u>ARGUMENT</u>

I.   <u>Violette's Tort Claims Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1)</u>

The Court should dismiss Violette's tort claims against Warden Ortiz, the BOP, and DOJ because the only proper defendant in an FTCA action is the United States. Even if the Court were to substitute the United States as a defendant, the Court should still dismiss his tort claim, because Violette failed to exhaust administrative remedies and his claim is barred by the discretionary function exception to the FTCA.

A.   <u>The Court Lacks Jurisdiction Over All Tort Claims Asserted Against Warden Ortiz, DOJ, and the BOP</u>

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). In other words, the Government cannot be sued without its consent, and "the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Although Congress can waive the Government's sovereign immunity, it can do so only through clear and unequivocal statutory language. *See Lane v. Pena*, 518 U.S. 187,

192 (1996); *Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 93-94 (3d Cir. 1995) (explaining that waivers of sovereign immunity "must be unequivocally expressed in the statutory text and any such waiver must be strictly construed in favor of the United States") (internal citation and quotation marks omitted). Accordingly, if the United States has not waived its sovereign immunity, or if the conditions under which the United States has agreed to waive that immunity have not been met, federal subject matter jurisdiction does not exist over a party's claims against the United States, a federal agency, or a federal official sued in his or her official capacity. *See Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395-96 (3d Cir. 2012). The party seeking to sue the United States bears the burden of establishing that the United States has waived sovereign immunity with respect to his claims. *See In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 361 (3d Cir. 2001).

The Federal Tort Claims Act, which provides the exclusive remedy for tort claims against the United States, is a limited waiver of sovereign immunity. *See Santos v. United States*, 559 F.3d 189, 193 (3d Cir. 2009). Pursuant to that statute, the United States shall be liable, to the same extent as a private party, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b), 2679(b)(1). The only appropriate defendant in an FTCA action is the United States. *See* 28 U.S.C. § 2679(a); *Priovolos*

*v. FBI*, 632 F. App'x 58, 60 (3d Cir. 2015) (citing *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008)).

In this case, Violette appears to assert tort claims against one federal agency (DOJ), one component of a federal agency (the BOP), and one federal employee who was acting within the scope of his federal employment at the time of the events alleged in the complaint (Warden Ortiz). *See* Compl. (ECF No.1-1) at 1; Certification of Scope of Employment (ECF No. 1-2) at 1. Federal agencies, however, may not be sued under the FTCA. *See Priovolos*, 632 F. App'x at 60. Likewise, because Violette's tort claims arise out of actions taken by Warden Ortiz in the scope of his federal employment, the United States is the only proper defendant with respect to his FTCA claims. *See, e.g., Murchison v. Warden Lewisburg USP*, 566 F. App'x 147, 150 (3d Cir. 2014); *Bey v. Bruey*, No. 09-1092 (JBS), 2009 WL 961411, at *8 (D.N.J. Apr. 8, 2009). Accordingly, all tort claims against Warden Ortiz, DOJ, and the BOP should be dismissed for lack of jurisdiction.

### B. Violette Failed to Exhaust His Tort Claim Under the FTCA

If the Court were to substitute the United States as the proper defendant in place of Warden Ortiz, the BOP, and DOJ, *see, e.g., Wilson v. City of Cherry Hill*, No. 10-3866 (RBK/JS), 2011 WL 3651274, at *3 (D.N.J. Aug. 18, 2011), Violette's claims should still be dismissed because he has not exhausted administrative remedies, as required by the FTCA.

Although the United States has waived sovereign immunity for certain tort claims through the FTCA, this waiver is limited by a number of exceptions and

conditions, including an administrative exhaustion requirement.  *See* 28 U.S.C. §§ 2679-80; *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 218 (2009); *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010).  Under the FTCA, a plaintiff may not bring suit against the United States "for money damages for injury or loss of property or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."  28 U.S.C. § 2675(a); *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003).  As a condition of the FTCA's waiver of sovereign immunity, this requirement must be strictly enforced; failure to comply with the provision will deprive a court of subject matter jurisdiction.  *See Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015); *Livera v. First Nat'l State Bank of NJ*, 879 F.2d 1186, 1194 (3d Cir. 1989).

Here, Violette does not allege that he exhausted administrative remedies.  Nor could he, for he has not filed any administrative tort claim with the BOP in connection with this case.  *See* Moran Decl. ¶¶ 2-3.  Because Violette has failed to exhaust administrative remedies under the FTCA, the complaint must be dismissed for lack of subject matter jurisdiction.  *See Shelton*, 775 F.3d at 569 (affirming dismissal of FTCA claims for failure to exhaust); *Gary v. F.T.C.*, 526 F. App'x 146, 149 (3d Cir. 2013) (same); *Adegbuji v. United States*, 223 F. App'x 194, 195 (3d Cir. 2007) (same).

C.  Violette's Tort Claim Is Also Barred by the Discretionary Function
Exception

Even if Violette had exhausted the tort claim raised in his complaint, it should

still be dismissed because it is barred by the discretionary function exception to the

FTCA.

Under the discretionary function exception, the United States may not be held

liable for alleged negligence "based upon the exercise or performance or the failure

to exercise or perform a discretionary function or duty . . . whether or not the

discretion involved be abused."  28 U.S.C. § 2680(a).  This exception "marks the

boundary between Congress' willingness to impose tort liability upon the United

States and its desire to protect certain governmental activities from exposure to suit

by private individuals."  *United States v. S.A. Empresa de Viacao Aereo Rio

Grandense*, 467 U.S. 797, 808 (1984).  Through this exception, Congress sought to

"prevent judicial second-guessing of legislative and administrative decisions

grounded in social, economic, and political policy through the medium of an action

in tort."  *United States v. Gaubert*, 499 U.S. 315, 323 (1991) (citation omitted).

To determine whether the discretionary function applies, a court first "must

identify the conduct at issue."  *S.R.P. ex rel. Abunabba v. United States*, 676 F.3d

329, 332 (3d Cir. 2012).  The court must then follow a two-step inquiry.  First, the

court must determine "whether the action is a matter of choice for the acting

employee.  This inquiry is mandated by the language of the exception; conduct

cannot be discretionary unless it involves an element of judgment or choice."  *Baer

v. United States*, 722 F.3d 168, 172 (3d Cir. 2013) (quoting *Berkovitz v. United States*,

486 U.S. 531, 536 (1988)).   An act involves judgment or choice if there is no "federal statute, regulation, or policy specifically prescrib[ing] a course of action for an employee to follow."  *Cestonaro v. United States*, 211 F.3d 749, 753 (3d Cir. 2000) (citation omitted).  Second, if "a specific course of action is not prescribed, [the court] proceed[s] to the second step, which requires [the court] to determine whether the challenged action or inaction is of the kind that the discretionary function exception was designed to shield."  *S.R.P.*, 676 F.3d at 333 (quotation marks and citation omitted).  The actions at issue must be "susceptible to policy analysis," *Gaubert*, 499 U.S. at 325, or "based on the purposes that the regulatory regime seeks to accomplish," *id.* at 325 n.7; *see also Cestonaro*, 211 F.3d at 753.  In *Gaubert*, the Supreme Court explained:

> For a complaint to survive a motion to dismiss [under the discretionary function exception], it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime.  The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis.

*Gaubert*, 499 U.S. at 324-25.

In this case, the conduct at issue in the complaint – the manner in which the BOP assigns inmates to living quarters – falls squarely within the category of conduct that courts routinely find barred by the discretionary function exception.  First, assignment of inmate housing unquestionably involves elements of judgment or choice.  Congress has charged the BOP with a broad statutory duty to "provide suitable quarters and provide for the safekeeping, care, and subsistence of all

persons charged with or convicted of offenses against the United States[.]"   *See* 18 U.S.C. § 4042(b).  However, the manner in which the BOP satisfies this statutory duty is left to the BOP's discretion: "[t]he statute sets forth no particular conduct the BOP personnel should engage in or avoid while attempting to fulfill their duties to protect inmates."  *Calderon v. United States*, 123 F.3d 947, 950 (7th Cir. 1997); *see also Rodriguez v. United States*, 695 F. App'x 669, 673 (3d Cir. 2017) (noting that "every Court of Appeals to have addressed the issue precedentially" has ruled that § 4042 "leaves the performance of those general duties to the discretion of the BOP"). Likewise, although 18 U.S.C. §§ 3621 and 4081 provide for the classification and designation of prisoners to different facilities according to various factors, these statutes do not "mandate a specific, non-discretionary course of conduct in classifying prisoners and placing them in a particular institution," but rather "give the BOP ample room for judgment[.]"   *Cohen v. United States*, 151 F.3d 1338, 1343 (11th Cir. 1998); *see also Gorrell v. United States*, No. 3:11-CV-8, 2012 WL 1032481, at *2 (W.D. Pa. Mar. 8, 2012).  Thus, numerous courts have found that the broad discretion afforded the BOP under these statutes satisfies the first prong of the discretionary-function analysis.  *See Donaldson v. United States*, 281 F. App'x 75, 77 (3d Cir. 2008); *Cohen*, 151 F.3d at 1342; *Calderon*, 123 F.3d at 948-50.

Second, decisions about how to classify and house prisoners involve precisely the type of policy-based judgments that the discretionary function exception is designed to shield.  *See Cohen*, 151 F.3d at 1344 (BOP's authority to classify and

locate prisoners is "part and parcel of the inherently policy-laden endeavor of maintaining order and preserving security within our nation's prisons").

For these reasons, courts routinely hold that claims alleging overcrowded prison housing are barred by the discretionary function exception. *See, e.g.*, *Cohen*, 151 F.3d at 1343 (decisions as to placement and classification of prisoners within prison facility barred by discretionary function exception); *Holmes v. Watts*, No. 2:15-CV-155, 2016 WL 205401, at *7 (S.D. Ga. Jan. 15, 2016) (claim that inmate was housed in a three-man cell barred by discretionary function exception); *Ross v. United States*, No. 4:13-CV-573, 2013 WL 5290498, at *4 (N.D. Tex. Sept. 18, 2013) ("FTCA complaints of overcrowding, understaffing, and similar issues pertaining to a prisoner's living quarters are routinely found to be excluded from the FTCA by the discretionary function exception") (citing cases); *Lineberry v. United States*, No. 3:08-CV-0597-G, 2009 WL 763052 at * 6 (N.D. Tex. Mar. 23, 2009) ("because overcrowding is simply a short-hand way of saying that the BOP placed too many inmates in a particular facility, the alleged act of overcrowding is nothing more than multiple decisions to place inmates at a particular facility—each of which falls within the discretionary exception").

Violette's complaint provides no basis to deviate from this well-established precedent. The complaint alleges that "the Federal BOP Program Statement dated June 30, 1997, the square feet per person was [supposed to be] 60 sq. ft. each." Compl. at 2. However, the Program Statement he cites – apparently, BOP Program

11

Statement 1060.11[4] – does not insulate his claim from the discretionary function exception.  As one district court has explained in rejecting a similar overcrowding claim:

> Contrary to Plaintiff's assertion, [Program Statement 1060.11] does not specifically prescribe a course of action as to the number of inmates that can be housed in a cell. Rather, the program statement "establish[es] procedures for determining and reporting each institution's rated capacity and its total capacity." Federal Bureau of Prisons, U.S. Dep't of Justice, Program Statement 1060.11, Rated Capacities for Bureau Facilities (1997). As the Regional Director explained in response to Plaintiff's administrative appeal, "rated capacity is based upon a square footage measurement for rooms or cells, and does not mandate the number of inmates who can be assigned to a living area or institution. Rather, it provides a means of measuring the degree of overcrowding." (Doc. 1-4, p. 2.) Program Statement 1060.11 does not mandate a specific, non-discretionary course of conduct for housing prisoners, and the Bureau of Prisons retains sufficient discretion in fulfilling that duty.

*Holmes*, 2016 WL 205401, at *7.  Violette therefore may not rely on this program statement to proceed with his claim.

In sum, Violette's complaint implicates the type of discretionary and policy-based decisions that the discretionary function exception is designed to protect.  The Court should therefore follow the above authorities and rule that Violette cannot bring an overcrowding claim under the FTCA.

II.   Violette Cannot Assert Any Constitutional Tort Claims Against the BOP, DOJ, or Warden Ortiz in His Official Capacity

To the extent Violette attempts to assert constitutional claims against the BOP, DOJ, or Warden Ortiz in his official capacity, *see* Compl. ¶ 2, these claims

---

[4]   BOP Program Statement 1060.11 can be found at https://www.bop.gov/policy/progstat/1060_011.pdf.

should also be dismissed.  Although the Supreme Court has allowed plaintiffs in limited and specific circumstances to sue a federal employee in his individual capacity for constitutional violations, *see Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 390 (1971), Congress has not waived the federal government's sovereign immunity from lawsuits seeking damages based on constitutional claims. *See Mierzwa v. United States*, 282 F. App'x 973, 976-77 (3d Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 400-02 (1976)).  Because an action against a federal employee in his official capacity is considered a suit against the United States, a "*Bivens*-type" claim against an employee in his official capacity is barred by the doctrine of sovereign immunity.  *See Hairston v. Miller*, 646 F. App'x 184, 187 (3d Cir. 2016); *Tucker v. Sec'y of Health & Human Servs.*, 588 F. App'x 110, 115 (3d Cir. 2014).  Likewise, the United States has not waived sovereign immunity for constitutional claims for damages asserted against federal agencies.  *See F.D.I.C. v. Meyer*, 114 S. Ct. 996, 1005 (1994).  Accordingly, the Court lacks jurisdiction over any constitutional claims asserted against the BOP, DOJ, or Warden Ortiz in his official capacity.

III.    <u>Violette Has Failed to State a Claim for an Eighth Amendment Violation</u>

Finally, Violette's complaint fails to state a claim for any constitutional violation.  The Eighth Amendment prohibits cruel and unusual punishment and requires prison officials to provide "humane conditions of confinement." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010).  The Constitution, however, "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349

(1981). Accordingly, the bar to state a claim under the Eighth Amendment is a high one, and inmates must allege both objective and subjective components. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' . . . are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillan*, 503 U.S. 1, 9 (1992) (quotation omitted). In other words, "a prison conditions claim rises to the level of an Eighth Amendment violation only where the allegedly poor conditions seriously deprived inmates of a basic human need such as food, clothing, shelter, medical care, and safety." *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005). The subjective component requires the prisoner to show that the state actor acted with "deliberate indifference," that is, with a state of mind equivalent to a reckless disregard of a known risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1991); *Wilson*, 501 U.S. at 303.

In this case, Violette alleges, in conclusory fashion, that he was housed in "an over capacity living quarter's [sic]" at FCI Fort Dix and that he shared a 525-sq. ft. room with eleven other inmates, which exceeds the 60-sq.ft/inmate space limit required by BOP policies. *See* Compl. at 2-3. These allegations simply do not rise to the level of a constitutional violation.

To begin with, a bare allegation of overcrowding is insufficient to state an Eighth Amendment claim. *See, e.g., North*, 152 F. App'x at 113; *Grohs v. Santiago*, No. 13-3877 (KM), 2014 WL 4657116, at *4 (D.N.J. Sept. 17, 2014); *Visintine v. Zickefoose*, No. 11-4678 (RMB), 2014 WL 4388609, at *17 (D.N.J. Sept. 5, 2014);

*Moore v. Cumberland County Bd. of Freeholders*, No. 06-4516 (RMB), 2006 WL 3359625, at *3 (D.N.J. Nov. 16, 2006).  Overcrowding only states a claim under the Eighth Amendment when it is accompanied by additional seriously substandard factors, such as "bad lighting, rampant assault due to understaffing, little to no cleaning, a major vermin problem, inadequate plumbing, unsanitary and unsupervised showers, inadequate fire safety, and deficient and medical and psychiatric treatment."  *Moore,* 2006 WL 3359625, at *3 (collecting cases).

Violette's complaint does not rise to this level. He does not, for example, allege any inadequacies regarding Ft. Dix's food, water, lighting, ventilation, heating, plumbing, or shower systems; nor does he make any allegations about fire safety or vermin problems. Indeed, he alleges only that the room he shared with eleven other inmates gave him less per-inmate square footage than what he believes BOP policies required.  While Violette says this overcrowding caused him stress, disrupted his sleep, and worsened his mental illness, these allegations simply do not establish the kind of deprivation necessary to state a claim under the Eighth Amendment.[5]  *See, e.g., Burkholder v. Newton*, 116 F. App'x 358 (3d Cir. 2004) (no Eighth Amendment claim where inmate alleged "his cell was so cold it caused pain in his legs" and "his toilet was unsanitary, often backing up into his cell and causing him to fear for his safety"); *Carson v. Mulvihill*, 488 F. App'x 554, 559 (3d Cir. 2012) (no Eighth Amendment violation where inmate alleged he was double-bunked and cells were so

---

[5]    Indeed, Violette's present complaint contains even fewer allegations than the complaint this Court dismissed for failure to state a claim under Docket Number 17-CV-5030 (JBS).  *See Violette*, 2017 WL 4074330 at *2.

crowded he could not maneuver his wheelchair to the toilet); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (no Eighth Amendment violation where inmate was "forced to share a toilet with numerous other prisoners," which resulted in his having to "wait for more than an hour to relieve his bodily functions").  For this reason as well, any constitutional claims should be dismissed.

CONCLUSION

For the foregoing reasons, the Court should dismiss the complaint in its entirety.

Dated:    Newark, New Jersey
          March 23, 2018

                                        Respectfully submitted,

                                        CRAIG CARPENITO
                                        United States Attorney

                              By:    s/ Kristin L. Vassallo
                                     KRISTIN L. VASSALLO
                                     Assistant United States Attorney
                                     *Attorney for Defendants*