```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GREGORY PAUL VIOLETTE,<br><br>  Plaintiff,<br><br>  v.<br><br>WARDEN DAVID E. ORTIZ, et al.,<br><br>  Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 18-3401 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

GREGORY PAUL VIOLETTE, Plaintiff Pro Se
PO Box 1694
Waterville, ME 04903-1694

CRAIG CARPENITO, United States Attorney
     By: KRISTIN LYNN VASSALLO, Assistant United States Attorney
Office of the U.S. Attorney
District of New Jersey
970 Broad Street
Newark, New Jersey 07102
Attorneys for Defendants Warden David Ortiz, Department of Justice, and Federal Bureau of Prisons

**SIMANDLE, District Judge:**

**I.   INTRODUCTION**

This matter comes before the Court on a motion to dismiss filed by defendants Warden David Ortiz, the Department of Justice, and the Federal Bureau of Prisons ("BOP"). Motion to Dismiss, Docket Entry 4. Plaintiff Gregory Violette opposes the motion. Opposition, Docket Entry 6. For the reasons stated below, the motion to dismiss in granted. Plaintiff shall be

given leave to amend his Eighth Amendment claims against Warden Ortiz.

## II. BACKGROUND

On November 20, 2017, Plaintiff filed a complaint in the New Jersey Superior Court, Law Division, Burlington County alleging that he had been subjected to unconstitutional conditions of confinement while incarcerated at FCI Fort Dix, a federal prison operated by the BOP. Complaint, Docket Entry 1-1. He alleged that between September 2015 and September 2016, he "was made to live in an over capacity living quarter's [sic]." *Id.* at ¶ 1. According to the complaint:

> Using the Federal BOP Program Statement dated June 30, 1997, the square feet per person was 60 sq. ft. each. My room was 525 sq. ft. and that would give you a 8.75 inmate capacity and the prison had me in with 11 other inmates making a total of 12 inmates in my room making it over capacity by 3.25 inmates.

*Id.* Plaintiff alleged this overcrowding put him under "a lot of stress" and he "had a hard time living because of the amount of inmates in [his] room." *Id.* ¶ 3(1). He specifically alleged that the conditions "made my mental illness, bi-polar and PTSD unbearable daily" and caused him to be unable to sleep and eat. *Id.* ¶¶ 3(2)-(3).

The United States removed the complaint to this Court on March 9, 2018 under 28 U.S.C. § 2679(d)(2)[1] and 28 U.S.C. § 1346(b).[2] Notice of Removal, Docket Entry 1. It filed a motion to dismiss the complaint on March 23, 2018.

The United States argues Plaintiff failed to file an administrative tort claim, depriving this Court of jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680. Fed. R. Civ. P. 12(b)(1). It also argues Plaintiff has failed to state a tort claim or an Eighth Amendment violation. Fed. R. Civ. P. 12(b)(6). Plaintiff opposes the motion by arguing he did file administrative remedies with the BOP.

The matter is now ripe for disposition.

---

[1] "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending." 28 U.S.C. § 2679(d)(2).

[2] "[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

**III. STANDARD OF REVIEW**

A party may move to dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Because federal courts are courts of limited jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of proving the existence of subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of a jurisdictional fact). *Gould Elecs. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000), *modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). The defendant bears the burden of showing no claim has been stated. "In contrast, in a factual attack under Rule 12(b)(1), the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction. The plaintiff has the burden of persuasion to convince the court it has jurisdiction." *Gould Elecs.*, 220 F.3d at 178.

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly

5

favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

**IV. DISCUSSION**

The United States argues the complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). It argues that Plaintiff failed to comply with the administrative preconditions of filing a FTCA claim in federal court and that the housing of federal prisoners is a discretionary function for which the FTCA preserves sovereign immunity. It also argues that Plaintiff has failed to sufficiently allege an Eighth Amendment violation.

**A. Jurisdiction**

Plaintiff's complaint does not specifically state the type of claim he intended to bring against defendants in state court. The United States interpreted the complaint as being brought under the FTCA and removed Plaintiff's complaint from state court under 28 U.S.C. § 2679, "which provides that once the Attorney General certifies that the employee-defendant was acting within the scope of his employment with the United States, 'any civil action or proceeding commenced upon such claim in a State Court *shall be removed without bond at any time before trial*'" to the appropriate district court. *Rivera-Carrion v. Miranda*, 529 F. Supp. 2d 296, 298 (D.P.R. 2008) (quoting 28 U.S.C. § 2679(d)(2)) (emphasis in original). The Civil Chief of

the U.S. Attorney's Office for the District of New Jersey certified Warden Ortiz was acting within the scope of his BOP employment at all times relevant to the complaint. Certification of J. Andrew Ruymann, Docket Entry 1-2.[3] Removal was therefore proper under § 2679 as the complaint was removed prior to trial in the state court. *See also Thompson v. Wheeler*, 898 F.2d 406, 409 (3d Cir. 1990).

Although removal was proper and required under the FTCA, the FTCA's waiver of the United States' sovereign immunity is limited. Before filing a suit in federal court, a plaintiff suing under the FTCA must present the offending agency, here the BOP, with notice of the claim, including a "sum certain" demand for monetary damages. *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010). "Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional." *Id.* (citing *United States v. Sherwood*, 312 U.S. 584, 587 (1941)). These requirements cannot be waived. *Id.* (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."

---

[3] The Attorney General has delegated certification authority to the United States Attorneys. 28 U.S.C. § 510; 28 C.F.R. § 15.4(a).

*McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015). Exhaustion occurs when either the agency denies the claim, in which case plaintiffs must file suit within six months, or six months have passed without a written denial of the claim. 28 U.S.C. §§ 2401(b), 2675(a). The exhaustion requirement is mandatory, jurisdictional, and is applicable to all FTCA plaintiffs regardless of their pro se or incarcerated status. *Shelton*, 775 F.3d at 569; *Wadhwa v. Nicholson*, 367 F. App'x 322, 325 n.5 (3d Cir. 2010) ("*McNeil* clarified that administrative exhaustion must be complete *before* instituting suit, and that this procedural rule is a requirement to which *all* litigants must adhere." (emphasis in original)).

The United States has submitted the sworn declaration of BOP Legal Assistant Tara Moran in support of its motion to dismiss. Moran Dec., Docket Entry 4-3. The Court must therefore consider the 12(b)(1) motion a factual attack on its jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) ("[B]ecause [defendant] submitted a signed declaration disputing [plaintiff's] factual allegations, [defendant] has mounted a factual challenge to subject matter jurisdiction."). *See also Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) ("In reviewing a factual attack, the court may consider evidence outside the

pleadings."), *modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

Ms. Moran has certified that the BOP's administrative records do not reflect that Plaintiff ever filed an administrative tort claim with the BOP. Moran Dec. ¶ 2. Plaintiff responded that he filed forms BP-8, BP-9, BP-10, and BP-11 while incarcerated in Fort Dix. Opposition ¶ 1. He asserts all forms were answered by BOP officials. *Id.*

The Court finds that it lacks jurisdiction under the FTCA because Plaintiff did not file an administrative tort claim with the BOP. The forms cited by Plaintiff are forms relating to the BOP's administrative remedy program. *See* 28 C.F.R. § 542.10 et seq. A BP-9 form is used for the initial administrative remedy request and must be filed "20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.*

"The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). It is separate and distinct from the FTCA with its own filing requirements and deadlines, giving notice to the BOP that an individual intends to seek money damages for personal injury caused by the negligence of an employee of the United States. *See also* 28 C.F.R. § 542.10(c) (noting that "[t]here are statutorily-mandated procedures in place for tort claims (28 CFR part 543, subpart C)"). Plaintiff has not provided any evidence that he filed the appropriate form for a *tort* claim against the United States. As such, the Court is required to dismiss the tort claim for lack of jurisdiction. *See Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700, 711-12 (3d Cir. 1982) ("If the plaintiff does not meet and controvert the defendant's factual assertions by affidavits or other sworn proofs, then the district court must determine whether it has subject matter jurisdiction based upon the factual context presented by the defendant."). To the extent the complaint raises a tort claim against the United States, it is dismissed for lack of jurisdiction.[4]

---

[4] The Court need not address the FTCA discretionary function exception argument as it dismisses based on Plaintiff's failure to file a notice of tort claim.

**B. Eighth Amendment**

Any constitutional claim Plaintiff has under the Eighth Amendment, brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* 403 U.S. 388 (1971), could only proceed against Warden Ortiz in his individual capacity. The United States has sovereign immunity for constitutional claims. *Tucker v. Sec'y of Health & Human Servs.*, 588 F. App'x 110, 115 (3d Cir. 2014); *Perez-Barron v. United States*, 480 F. App'x. 688, 691 (3d Cir. 2012) (citing *Chinchello v. Fenton*, 805 F.2d 126, 130 n.4 (3d Cir. 1986)). "[W]aivers of federal sovereign immunity must be 'unequivocally expressed' in the statutory text." *United States v. Idaho ex rel. Dir., Idaho Dep't of Water Res.*, 508 U.S. 1, 6 (1993). Plaintiffs may not sue a federal agency such as the BOP or the Department of Justice under *Bivens*. *FDIC v. Meyer*, 510 U.S. 471, 483-85 (1994). Finally, "a *Bivens* action cannot be maintained against a federal official in [his] official capacity since such an action would essentially be one against the United States." *Tucker*, 588 F. App'x at 115.

"The Eighth Amendment requires prison officials to provide 'humane conditions of confinement.'" *Smith v. Bolava*, 632 F. App'x 683, 686–87 (3d Cir. 2015) (quoting *Betts v. New Castle*

*Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010)).
"[D]eficiencies and inadequacies in prison conditions do not necessarily violate the Eighth Amendment. The amendment is violated only where an inmate is deprived of 'the minimal civilized measure of life's necessities.'" *Tillery v. Owens*, 907 F.2d 418, 426 (3d Cir. 1990) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In making this determination, the Court must consider the totality of the circumstances. *Id.*

"[A]n inmate seeking to establish that a prison deprivation amounts to cruel and unusual punishment always must satisfy both the 'objective component ... (Was the deprivation sufficiently serious?)' and the 'subjective component (Did the officials act with a sufficiently culpable state of mind?)' of the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 21 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) (omission in original). Plaintiff's complaint contains no factual allegations regarding the subjective component. In other words, there are no facts in the complaint supporting a reasonable inference that Warden Ortiz acted with "obduracy and wantonness." *Wilson*, 501 U.S. at 299.

As Plaintiff has not sufficiently alleged an Eighth Amendment claim, the Court will dismiss the complaint. Because Plaintiff is proceeding pro se, "dismissal without leave to amend is justified only on the grounds of bad faith, undue

delay, prejudice, or futility." *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000). The Court finds that none of these exceptions apply in this instance. Plaintiff may move to amend his complaint within 30 days of this opinion and order. Any motion to amend must include a proposed amended complaint.

In the event Plaintiff elects to move for leave to amend his complaint, he should consider the Supreme Court's recent decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). The Court held in *Ziglar* that federal courts should exercise caution before extending the *Bivens* remedy to claims that are meaningfully different than "the three *Bivens* claims the Court has approved in the past: a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma." *Id.* at 1860 (citing *Carlson v. Green*, 446 U.S. 14 (1980); *Davis v. Passman*, 442 U.S. 228 (1979); *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)). If the instant matter is meaningfully different from those cases, courts must determine if special factors counsel against judicial extension of the *Bivens* remedy. *Id.* at 1857 ("The Court's precedents now make clear that a *Bivens* remedy will not be available if there are special factors counselling hesitation

in the absence of affirmative action by Congress." (internal quotation marks omitted)).

Plaintiff's complaint does not provide enough facts for the Court to determine whether his *Bivens* claim for overcrowding in violation of the Eighth Amendment is meaningfully different from the Supreme Court's precedents.[5] Therefore, the Court expresses no opinion at this time whether a *Bivens* remedy is available to Plaintiff.

**V. CONCLUSION**

For the reasons stated above, the motion to dismiss the complaint is granted. Plaintiff may move to amend his complaint within 30 days.

An accompanying Order will be entered.

**November 27, 2018**            **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                 U.S. District Judge

---

[5] "A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider." *Ziglar*, 137 S. Ct. at 1860.